UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-80799

ROGER CURTIS, on his own
behalf and others similarly situated,

    Plaintiff,

MAGISTRATE JUDGE
SNOW

v.

THE FLOORING CONCEPTS GROUP, INC.,
a Florida corporation,
and DOMINICK POLIANDRO, individually,

    Defendants.
_____/

## COMPLAINT

1.    Plaintiff, ROGER CURTIS, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, THE FLOORING CONCEPTS GROUP, INC., a Florida corporation, and DOMINICK POLIANDRO, individually, (collectively referred to as "Defendants") and brings this action on behalf of himself and other employees and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). Plaintiff performed work as a laborer and related activities in Palm Beach County, Florida.

2.    Defendant, THE FLOORING CONCEPTS GROUP, INC., is a Florida corporation that owns and operates a business in Palm Beach County, Florida and within the jurisdiction of this Court.

3.    At all times material hereto, DOMINICK POLIANDRO was and is an individual resident of the State of Florida, who owns, manages, and/or operates THE FLOORING

CONCEPTS GROUP, INC., and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of THE FLOORING CONCEPTS GROUP, INC. By virtue of such control and authority, DOMINICK POLIANDRO is an employer as such term is defined by the FLSA. 29 U.S.C. 201 et seq.

4. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b) (the Act).

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce.

6. The additional persons who may become Plaintiffs in this action are non-exempt salaried employees and/or former employees of Defendants who worked overtime hours on one or more work weeks and did not receive time-and-a-half wages for such overtime hours worked.

7. At all time pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty within a work week.

8. Plaintiff's employment with Defendants provided for salaried compensation, but no additional compensation for overtime hours worked.

9. In the course of employment with Defendants, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

10. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

11. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 10 above.

12. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

13. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

14. As a result of Defendants' willful violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to him) are entitled to liquidated damages.

15. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff and those similarly situated to him who have or will opt into this action, demand judgment against Defendants, jointly and severally, THE FLOORING CONCEPTS GROUP, INC., and DOMINICK POLIANDRO, for the payment of all overtime

hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

DATED this 24 day of August, 2005

                                SHAVITZ LAW GROUP, P.A.  
                                7800 Congress Ave, Suite 108  
                                Boca Raton, FL 33487  
                                Tel: 561-447-8888  
                                Fax: 561-447-8831  
                                E-mail: gshavitz@shavitzlaw.com

                                GREGG I. SHAVITZ  
                                Fl. Bar No.: 11398

JS 44 Civil Cover Sheet (excerpted)

**(a) PLAINTIFFS:** Roger Curtis on his own behalf and others similarly situated

**DEFENDANTS:** The Flooring Concepts Group, Inc. a Florida corporation and Dominick Poliandro, individually

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF:** Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:** Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

CIV-ZLOCH

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER):** 561-447-8888
Shavitz Law Group, P.A.
7800 Congress Avenue, Suite 108
Boca Raton, FL 33487

**ATTORNEYS (IF KNOWN):** 05-80799
MAGISTRATE JUDGE SNOW

**CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION:** [X] 3 Federal Question (U.S. Government Not a Party)

9:05cv80799-Zloch
Snow

**IV. ORIGIN:** [X] 1 Original Proceeding

**V. NATURE OF SUIT:** [X] 710 Fair Labor Standards Act

**VI. CAUSE OF ACTION:** 29 U.S.C. -216(b) - Action for unpaid Overtime Wages

LENGTH OF TRIAL: 5 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** ___
**JURY DEMAND:** [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY:** JUDGE ___ DOCKET NUMBER ___

DATE: 8/24/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # 535163  AMOUNT 250  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___